**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

JOHN TURNER,

        Plaintiff,

v.

POLO TOWERS MASTER OWNERS ASSOCIATION, INC., et al.,

        Defendants.

Case No. 2:17-cv-02042-APG-CWH

**SCREENING ORDER**

        This matter is before the court on the screening of Nevada state-prison inmate John Turner's amended complaint (ECF No. 1, Ex. A) under 28 U.S.C. § 1915A.

**I.    BACKGROUND**

        Turner filed his amended complaint in state court on June 13, 2017. (Notice of Removal (ECF No. 1), Exs. A-B ["Am. Compl."].) The handwritten amended complaint is on what appears to be the state court's form for civil rights complaints under 42 U.S.C. § 1983. (*Id.*) Turner lists Polo Towers Las Vegas, LVMPD Joe Lombardo, LVMPD Officer #5781, and Clark County as defendants. (*Id.* at 7-8.) Although the handwritten portions of the amended complaint are mostly illegible, it appears Turner alleges civil rights claims related to an incident resulting in his arrest at the Polo Towers resort hotel. (*Id.* at 9-10.) Defendant Polo Towers Master Owners Association, Inc. removed the case to this court on July 26, 2017. (Notice of Removal (ECF No. 1).) Based on the removal statement and what the court deciphered from the amended complaint, it appears at this time that removal to federal court was proper. The court now screens Turner's amended complaint under 28 U.S.C. § 1915A.

## II. ANALYSIS

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes pro se civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

When evaluating a complaint under Rule 12(b)(6), a court also reviews compliance with Rule 8. *See Twombly*, 550 U.S. at 555-63. Illegible allegations do not satisfy Rule 8(a), which requires a complaint to contain a "short" and "plain" statement of the claim. *See, e.g., Shuster v. Oppelman*, 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (stating that a partially illegible pro se

complaint does not comply with Rule 8); *Knutson v. Lucky Store, Inc.*, No. CIV S-07-0981-LKK-EFB-P, 2008 WL 4167076, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing a pro se complaint that was mostly illegible and did not comply with Rule 8).

Here, even liberally construing the amended complaint in Turner's favor, it fails to state a claim upon which relief can be granted. Turner's handwriting is mostly illegible, making it impossible for the court decipher all of his allegations. To the extent the amended complaint is legible, Turner appears to seek damages related to his arrest following an incident at the Polo Towers. But given the extreme difficulty in reading Turner's handwriting, the court is unable to determine exactly what claims Turner is attempting to allege against which defendants and cannot evaluate whether Turner states claims for relief. The court therefore will dismiss the amended complaint without prejudice for Turner to file a second amended complaint.

If Turner chooses to file a second amended complaint, it must be clearly printed or typed. To the extent Turner is attempting to bring a claim under 42 U.S.C. § 1983, Turner must allege facts indicating that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Turner must ascribe particular conduct to particular defendants. All defendants must be identified in the caption of the pleading and all defendants must be named in the section of the second amended complaint designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Turner still must give the defendants fair notice of his claims against them and of his entitlement to relief.

Furthermore, Turner is advised that if he files a second amended complaint, the amended complaint no longer serves any function in this case. As such, if Turner files a second amended complaint, it must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Turner's second amended complaint complete.

Finally, the court will deny without prejudice all other pending motions in the case. The court cannot determine its jurisdiction in this matter or evaluate these motions until it determines which claims and parties are at issue in this case.

### III. CONCLUSION

IT IS THEREFORE ORDERED that Turner's amended complaint (ECF No. 1, Exs. A-B) is DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If Turner chooses to file a second amended complaint, he must do so by April 13, 2018. Failure to comply with this order will result in a report and recommendation to the assigned United States district judge that this case be dismissed.

IT IS FURTHER ORDERED that the Clerk of Court must send to Turner the approved form for filing a § 1983 complaint, instructions for the same, and a copy of the petition for removal (ECF No. 1), which includes a copy of Turner's amended complaint for his reference.

IT IS FURTHER ORDERED that all other pending motions (ECF Nos. 6, 9, 15, 17, 21, 22, 26, 28, 31) are DENIED without prejudice.

DATED: March 14, 2018

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**