**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN TURNER, | Case No. 2:17-cv-02042-APG-CWH |
| Plaintiff, | |
| v. | **SCREENING ORDER AND REPORT AND RECOMMENDATION** |
| POLO TOWERS MASTER OWNERS ASSOCIATION, INC., et al., | |
| Defendants. | |

This matter is before the court on the screening of Nevada state-prison inmate John Turner's third amended complaint (ECF No. 37) under 28 U.S.C. § 1915A.

Also before the court is Turner's motion for appointment of counsel (ECF No. 35), filed on April 5, 2018. Defendant Polo Towers Master Owners Association, Inc. filed a response (ECF No. 38) on April 19, 2018. Turner filed a reply (ECF No. 44) on May 3, 2018.

**I.      BACKGROUND**

Nevada state-prison inmate Turner filed his amended complaint in state court. (Notice of Removal (ECF No. 1), Exs. A-B ["Am. Compl."].) The handwritten amended complaint is on what appears to be the state court's form for civil rights complaints under 42 U.S.C. § 1983. (*Id.*) Turner lists Polo Towers Las Vegas, LVMPD Joe Lombardo, LVMPD Officer #5781, and Clark County as defendants. (*Id.* at 7-8.) Defendant Polo Towers Master Owners Association, Inc. removed the case to this court. (Notice of Removal (ECF No. 1).) The court screened Turner's amended complaint under 28 U.S.C. § 1915A. (Screening Order (ECF No. 34).) Due to the extreme difficulty in reading Turner's handwriting, the court could not determine whether Turner stated a claim for relief. (*See id.* at 3.) The court therefore dismissed Turner's amended complaint without prejudice and permitted Turner to file a second amended complaint, with instructions that the second amended complaint must be clearly printed or typed. (*Id.*)

Turner then filed a second amended complaint (ECF No. 36) and a third amended complaint (ECF No. 37). Both pleadings were filed before the court-ordered deadline for amendment. Because an amended pleading supersedes prior pleadings, Turner's third amended complaint is now the operative pleading, and the court will screen that pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating it is a "well-established doctrine that an amended pleading supersedes the original pleading" and that after amendment, "the original pleading no longer performs any function and is treated thereafter as non-existent" (quotation omitted)).[1]

Turner's third amended complaint is handwritten on the court's form complaint for 42 U.S.C. § 1983 cases. The handwritten portions of the third amended complaint are mostly illegible, but from what the court can decipher, it appears Turner alleges civil rights claims related to an incident resulting in his arrest at the Polo Towers resort hotel. (Third Am. Compl. (ECF No. 37) at 4-6.) Turner lists the Polo Towers Master Owners Association, Inc., a police officer whose identifying number the court cannot decipher, the Clark County Detention Center, and the Henderson constable as defendants. (*Id.* at 2-3).

## II. SCREENING ORDER

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

Dismissal for failure to state a claim under § 1915A incorporates the standard for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). To survive § 1915A review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting

---

[1] The court notes that Polo Towers filed a motion to dismiss that is directed at the second amended complaint. (Mot. to Dismiss (ECF No. 39).) Given that the third amended complaint is the operative pleading, the court will recommend denial of the motion to dismiss without prejudice.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court liberally construes pro se civil rights complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

When evaluating a complaint under Rule 12(b)(6), a court also reviews compliance with Rule 8. *See Twombly*, 550 U.S. at 555-63. Illegible allegations do not satisfy Rule 8(a), which requires a complaint to contain a "short" and "plain" statement of the claim. *See, e.g., Shuster v. Oppelman*, 962 F. Supp. 394, 396 (S.D.N.Y. 1997) (stating that a partially illegible pro se complaint does not comply with Rule 8); *Knutson v. Lucky Store, Inc.*, No. CIV S-07-0981-LKK-EFB-P, 2008 WL 4167076, at *1 (E.D. Cal. Sept. 5, 2008) (dismissing a pro se complaint that was mostly illegible and did not comply with Rule 8).

Here, even liberally construing the third amended complaint in Turner's favor, it fails to state a claim upon which relief can be granted. Like his previous filings in this case, Turner's handwriting is mostly illegible, making it impossible for the court decipher all of his allegations. To the extent the amended complaint is legible, Turner appears to seek damages related to his arrest following an incident at the Polo Towers. But given the extreme difficulty in reading Turner's handwriting, the court is unable to determine exactly what claims Turner is attempting to allege against which defendants and cannot evaluate whether Turner states claims for relief. The court therefore will recommend dismissal of the third amended complaint without prejudice for Turner to

file a fourth amended complaint.

If Turner chooses to file a fourth amended complaint, it must be clearly printed or typed. To the extent Turner is attempting to bring a claim under 42 U.S.C. § 1983, Turner must allege facts indicating that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Turner must ascribe particular conduct to particular defendants. All defendants must be identified in the caption of the pleading and all defendants must be named in the section of the second amended complaint designated for that purpose. Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Turner still must give the defendants fair notice of his claims against them and of his entitlement to relief.

Furthermore, Turner is advised that if he files a fourth amended complaint, his previous complaints no longer serve any function in this case. As such, if Turner files a fourth amended complaint, it must be complete in and of itself without reference to prior pleadings or other documents. The court cannot refer to a prior pleading or other documents to make Turner's fourth amended complaint complete.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Turner moves for appointment of counsel, but like his other filings in this case, his motion is mostly illegible. Polo Towers responds that Turner is ineligible for appointment of counsel under 28 U.S.C. § 1915 because he is not proceeding *in forma pauperis* (without prepaying filing fees) in this case. Polo Towers further argues Turner is ineligible for *in forma pauperis* status under § 1915(g) because while incarcerated, Turner has had three or more federal court cases that were dismissed on the grounds they were frivolous, malicious, or that failed to state a claim upon which relief may be granted. Finally, Polo Towers argues Turner does not meet the exceptional circumstances standard for appointment of counsel.

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, under 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil

litigants upon a showing of "exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request, however, are exceedingly rare and require a finding of extraordinary circumstances. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (*quoting Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Here, Polo Towers removed this case from state court and Polo Towers paid the filing fee. Thus, Turner is not proceeding *in forma pauperis* under § 1915. Even if Turner were indigent, it appears he may not qualify for *in forma pauperis* status because of his previous litigation history while incarcerated, though the court does not express an opinion on this issue because it need not reach the issue to decide the motion for appointment of counsel. Further, because Turner's motion and other filings, including his third amended complaint, are mostly illegible, the court cannot evaluate whether Turner demonstrates the exceptional circumstances required for the appointment of an attorney. The court therefore will deny Turner's motion without prejudice.

## IV.   OTHER PENDING MOTIONS

There are various other pending motions in this case. (ECF Nos. 47, 48, 49, 57.) The court will deny without prejudice all other pending motions in this case. The court cannot determine its jurisdiction in this matter or evaluate these motions until it determines which claims and parties are at issue. Recognizing the concerns raised by Polo Towers regarding the expense and burden occasioned by the filings in this case, pending screening of the fourth amended complaint, Polo Towers need not respond to any filings in this case, unless the court orders otherwise.

/ / /

## V. CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Turner's third amended complaint (ECF No. 37) be DISMISSED without prejudice for failure to state a claim upon which relief can be granted, with leave to amend. If the United States district judge assigned to this case adopts this recommendation, it is further recommended that Turner be provided a deadline for filing a fourth amended complaint and that Turner be provided with the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his third amended complaint (ECF No. 37) for his reference.

IT IS FURTHER RECOMMENDED that defendant Polo Towers Master Owners Association, Inc.'s motion to dismiss (ECF No. 39) be DENIED without prejudice.

IT IS ORDERED that Turner's motion for appointment of counsel (ECF No. 35) is DENIED without prejudice.

IT IS FURTHER ORDERED that all other pending motions (ECF Nos. 47, 48, 49, 57) are DENIED without prejudice.

DATED: December 6, 2018

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**