# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOHN TURNER, | Case No.: 2:17-cv-02042-APG-CWH |
| Plaintiff | **Order Accepting Report and Recommendation, Denying Motion to Dismiss as Moot, and Setting Deadline for Fourth Amended Complaint** |
| v. | |
| POLO TOWERS MASTER OWNERS ASSOCIATION, INC., et al., | [ECF Nos. 39, 59] |
| Defendants | |

On December 6, 2018, Magistrate Judge Hoffman recommended that I deny defendant Polo Towers Master Owners Association, Inc.'s motion to dismiss as moot, as it is directed at an earlier version of plaintiff John Turner's complaint. ECF No. 59. Judge Hoffman also recommended that I dismiss Turner's third amended complaint because it is illegible, and that I set a deadline for Turner to file a fourth amended complaint. *Id.* No one filed an objection. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

IT IS THEREFORE ORDERED that Magistrate Judge Hoffman's report and recommendation **(ECF No. 59) is accepted**, defendant Polo Towers Master Owners Association, Inc.'s motion to dismiss **(ECF No. 39) is DENIED as moot**, and plaintiff John Turner's third amended complaint (ECF No. 37) is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff John Turner may file a fourth amended complaint on or before January 31, 2019.  If Turner chooses to file a fourth amended complaint, it must be clearly printed or typed.  To the extent Turner is attempting to bring a claim under 42 U.S.C. § 1983, Turner must allege facts indicating that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Turner must ascribe particular conduct to particular defendants.  All defendants must be identified in the caption of the pleading and all defendants must be named in the section of the second amended complaint designated for that purpose.  Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Turner still must give the defendants fair notice of his claims against them and of his entitlement to relief.  Furthermore, Turner is advised that if he files a fourth amended complaint, his previous complaints no longer serve any function in this case.  As such, if Turner files a fourth amended complaint, it must be complete in and of itself without reference to prior pleadings or other documents.  The court cannot refer to a prior pleading or other documents to make Turner's fourth amended complaint complete.[1]

IT IS FURTHER ORDERED that the clerk of court shall provide to plaintiff John Turner the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his third amended complaint (ECF No. 37) for his reference.

DATED this 3rd day of January, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] As Judge Hoffman previously ordered, defendant Polo Towers need not respond to any filings in this case, including a fourth amended complaint, unless the court orders otherwise. *See* ECF No. 59 at 5.